UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RYAN CAMBRELEN,
                           Petitioner,

                - against -

UNITED STATES OF AMERICA,

                           Respondent.
------------------------------------------------------------ X

**ORDER**

10 Civ. 0149 (BMC)

Petitioner, proceeding *pro se,* has filed a motion entitled "MOTION TO VACATE VOID AMENDED JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION AND VIOLATION OF THE FEDERAL RULES OF CRIMINAL PROCEDURE." Petitioner seeks to vacate his judgment of conviction entered under docket number 96-CR-1044 (EHN), and has previously challenged this conviction by filing three prior petitions/motions. For the reasons set forth below, the Court cannot consider the instant motion and transfers it to the United States Court of Appeals for the Second Circuit.

In Cambrelen v. USA, 03-CV-00248 (NG), petitioner brought his first §2255 petition. Judge Gershon, by Order dated February 26, 2004, dismissed it as time-barred. See Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003) (motions dismissed as time-barred are adjudications on the merits for purposes of gatekeeping rules on second or successive petitions). Petitioner filed an appeal of that Order to the Second Circuit. The Second Circuit, by mandate dated May 10, 2005, dismissed the appeal. See Cambrelen v. USA, No. 04-6600-pr (2d Cir. May 10, 2005).

In Cambrelen v. USA, 09-CV-00603 (RJD), petitioner filed another §2255 petition. Chief Judge Dearie, by Order dated February 18, 2009, transferred it to the Court of Appeals for the Second Circuit as a second or successive § 2255 petition. The Second Circuit, by mandate dated October 26, 2009, denied petitioner's request to file a second or successive petition. See Cambrelen v. USA, No. 09-0663-op (2d Cir. Oct. 26, 2009).

Most recently, in Cambrelen v. USA, 09-CV-02566 (BMC), petitioner filed what purported to be a motion under Federal Rule of Criminal Procedure 36. This Court, by Order dated June 8, 2009, construed it as another successive petition under § 2255, and transferred it to the Court of Appeals for the Second Circuit. The Second Circuit, by mandate dated October 26, 2009, dismissed the appeal of the transfer Order for lack of appellate jurisdiction, and construed petitioner's challenge to the transfer Order as a request for a remand. The Court of Appeals then denied petitioner's request for a remand. See Cambrelen v. USA, No. 09-2561-op and No. 09-2931-cr (2d Cir. Oct. 26, 2009).

The Second Circuit has stated that "district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless" the petitioner receives notice and an opportunity to withdraw. See Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). Here, petitioner has already challenged this sentence by filing three prior petitions/motions. Therefore, the Court need not give petitioner notice and the opportunity to withdraw the instant motion. Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001).

Section 2255 provides that:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

2

clear and convincing evidence that no reasonable factfinder would
have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on
collateral review by the Supreme Court, that was previously
unavailable.

28 U.S.C. § 2255(h).

Accordingly, since this is the fourth petition/motion seeking to vacate his judgment of conviction entered under docket number 96-CR-1044 (EHN), this action is hereby transferred to the Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; Poindexter v. Nash, 333 F.3d 372, 382 (2d Cir. 2003) ("The district court has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court."); see also Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003); Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
_____
U.S.D.J.

Dated: Brooklyn, New York
January 20, 2010