UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 04 2010 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA

    Plaintiff,

v.    Case No. 96-1044-(S-2)(EHN)

RYAN CAMBRELEN

    Defendant.
_____/

10cv 149 (bmc)

### Motion For Reconsideration
### Pursuant To Fed. R. Civ. P. 59(e)

COMES NOW, defendant, Ryan Combrelen, pro se, respectfully moving this Honorable Court to reconsider its January 20, 2010, order, transferring the defendant's case to the Court of Appeals for the Second Circuit. The court based this decision on the assertion that this was the defendant's fourth petition, seeking to vacate his judgement in this case; the defendant asserts that the district court's ruling is in error for the reasons that follow:

#### I. District Court's Failure to Obey the Federal Rules of Criminal Procedure

In the district court's January 20, 2010, order, the court found that because the defendant's motion, seeking to vacate the amended judgement, was filed absent the court of appeal's authorization to file a second or successive §2255, the motion was transferred to the Court of Appeals to seek the required authorization. The defendant asserts that this action taken by the district court was done so in error, creating a manifest injustice.

MOTION DENIED. 2/9/10 C/M

1

So Ordered:
/Signed by Judge Brian M. Cogan/
Hon. Brian M. Cogan
U.S.D.J.

Specifically, where the record clearly demonstrates that the district court amended the defendant's <u>original</u> sentence and failed to follow Federal Rules of Criminal Procedure 32(a)(1)(c), 32(c)(5), and 43(a)(3), the district court is attempting to place the defendant in a legal "catch 22" situation in his attempt to vacate the district court's errors when the defendant, still to this day, has not been notified of the district court's intentions to amend the original sentence imposed. Although the district court complied with the Rules of Procedure when it <u>originally</u> sentenced the defendant, on November 13, 1998, the court failed to obey the Rules in amending the sentence on December 16, 1998.

In entering the amended sentence, on December 16, 1998, the district court failed to: 1) address the defendant <u>personally</u> and determine if the defendant wished to make a statement and to present any information in mitigation of the sentence, as mandated in Rule 32(a)(1)(c); 2) failed to advise the defendant of his rights to appeal the <u>amended</u> sentence, as mandated in Rule 32(c)(5); and, 3) failed to impose the amended sentence in the presence of the defendant, as mandated in Rule 43(a)(3).

It has been long recognized that the Federal Rules of Criminal Procedure have the force and effect of law and, just as a statute, the requirements promulgated in these Rules <u>must</u> be obeyed: <u>United States v. Gilbert</u>, 244 F.3d 888, 916 n. 66 (11th Cir. 2001); <u>United States v. Cowan</u>, 524 F.3d 504, 505 (5th Cir. 1975); <u>Dupont v. United States</u>, 388 F.3d 39, 44 (5th Cir. 1967). As a result of the Rules of Criminal Procedure not having been obeyed in this case it is a complete miscarriage of justice for this court to attempt to avoid addressing the merits of the defendant's claim and transfer it to the Court of Appeals as a successive §2255 petition.

This court is well aware of the fact that the Rules-of-Criminal-Procedure violations committed by the district court in <u>amending</u> the defendant's original sentence absent a source of authority cannot be corrected by way of a successive §2255 petition. Notably the United States has not even raised such a position in response to the defendant's instant motion.

More importantly this court's January 20, 2010, order fails to take into account that because the district court, as of this date, has <u>not</u> informed the defendant of his rights to appeal the amended sentence, pursuant to Rule 32(2)(5), it could not be reasonably argued that the defendant was required to seek habeas relief as to this claim and forgo his direct appeal rights.

As a result of the argument submitted herein, in the interest of justice, this court should find that reconsideration is warranted in this case.

## CONCLUSION

**WHEREFORE**, the defendant prays that the instant motion for reconsideration is granted or any other relief the court finds appropriate.

Respectfully Submitted,

_[signature]_
Ryan Cambrelen 53202-053
FCI Coleman, Medium
PO Box 1032
Coleman, FL 33521-1032

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the forgoing motion, with all attachments, has been sent to the below-listed party via pre-paid United States postage, this 29 day of June 2010.

AUSA Todd Kaminsky
271 Cadman Plaza East
Brooklyn, NY 11201

_[signature]_
Ryan Cambrelen 53202-053

3